**LOCAL 734 BAKERY DRIVERS PEN-
SION FUND TRUST and Chicago Dis-
trict Council of Carpenters Pension
Fund, Plaintiffs,**

v.

**CONTINENTAL ILLINOIS NATIONAL
BANK AND TRUST COMPANY OF
CHICAGO, a National Banking Associa-
tion, Defendant.**

No. 72 C 2551.

United States District Court,
N. D. Illinois, E. D.

Dec. 14, 1972.

James S. Gordon, Chicago, Ill., for
plaintiffs.

Miles G. Seeley, Mayer, Brown &
Platt, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND
ORDER

McLAREN, District Judge.

This matter is now before the Court
upon the motion of defendant Continen-
tal Illinois National Bank and Trust
Company of Chicago ("Continental") for
an order allowing it to communicate
with members of the purported plaintiff
class. For the reasons set forth below,

the motion will be granted in part and denied in part.

This action was brought under the federal securities laws by two union pension funds on behalf of themselves and all other persons for whose trust or agency accounts Continental purchased or advised the purchase of Penn Central Company stock. Continental seeks an order allowing it to respond to inquiries which have been made and may be made in the future about this litigation by trustors, trustees, beneficiaries and other persons interested in the aforementioned trusts and accounts. It desires to do so without prior Court approval of the language or substance of the communications. Continental also seeks prior approval of its "regular communications" with these persons concerning said trusts and accounts, as necessitated by its fiduciary duties and obligations.

Rule 22 of the Civil Rules of this Court provides in part:

"In every potential and actual class action under Rule 23 F.R.Civ.P., all parties thereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, to communicate *concerning such action* with any potential or actual class member not a formal party to the action without the consent of and approval of the communication by order of the Court." (Emphasis added.)

Because of the qualifying language emphasized above, Rule 22 does not forbid Continental to communicate with clients within the purported class on matters other than this litigation. Thus, regular communications with those persons and entities need not be cleared by the Court.

The second exception to Rule 22 states in pertinent part:

"This rule does not forbid . . . (2) communications occurring in the regular course of business or in the performance of the duties of a public

office or agency (such as the Attorney General) which do not have the effect of . . . misrepresenting the status, purposes or effect of the action and orders therein."

Continental argues that its responses to inquiries about this litigation are communications in the regular course of business and need not have prior approval. The language of the exception originates, as does all of Rule 22, from Suggested Local Rule No. 7 of the Manual for Complex and Multidistrict Litigation § 1.61, at 140.5–.6 (1970). The Court is unaware of any record or report which might aid in determining the intent of the suggested rule, nor are there any reported cases construing this Court's Rule 22. In a letter to the president of the Chicago Bar Association, dated June 24, 1971, Chief Judge Robson, on behalf of the Court, construed the words "regular course of business" to apply only to public offices and agencies, and not private businesses. Also, in Weight Watchers of Philadelphia v. Weight Watchers Int'l, 53 F.R.D. 647, 652–53 (E.D.N.Y. 1971), Judge Constantino apparently felt that the suggested rule was designed to prevent unauthorized communications similar in nature to those proposed here by Continental. This Court agrees and accordingly holds that Continental may not respond to inquiries from members of the potential class concerning this action without prior consent and approval of such communications.

The parties are directed to confer and, within thirty days, submit for approval an agreed form of statement to be given by Continental in response to all such inquiries. If agreement cannot be reached, Continental will submit its proposed form of statement within thirty days of this order, and plaintiffs will file their objections thereto ten days thereafter.

So ordered.