**Paul H. LAMARCHE, Plaintiff**

v.

**METROPOLITAN LIFE INSURANCE CO., Defendant and Third–Party Plaintiff**

v.

**Lorna Armesto, Third–Party Defendant**

**No. Civ. 01–123–B–H.**

United States District Court,
D. Maine.

Dec. 16, 2002.

John A. Woodcock, Jr., Weatherbee, Woodcock, Burlock & Woodcock, Bangor, ME, for Paul H Lamarche, In his capacity as Personal Representative of the Estate of Erlinda Polvorosa Lamarche and as Trustee of the Erlinda A. Polvorosa Family Trust, plaintiff.

John Haddow, Farrell, Rosenblatt & Russell, Bangor, ME, for Metropolitan Life Insurance Company, defendant.

Phillip D. Buckley, Rudman & Winchell, Bangor, ME, Albert S. Tablante, Jr., Alvy & Tablante, LLP, Lake Success, NY, for Lorna Armesto, third-party defendant.

### ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, Chief Judge.

The United States Magistrate Judge filed with the court on November 6, 2002, with copies to counsel, her Recommended Decision on Metropolitan's Motion for Judgment on the Pleadings and Motion for Summary Judgment and Order on Metropolitan's Motion for Exclusion of Expert Testimony. Metropolitan filed an objection to the Recommended Decision on November 18, 2002. I have reviewed and considered the Recommended Decision, together with the entire record; and I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED.

Metropolitan's Motions for Judgment on the Pleadings and to Dismiss are GRANTED IN PART and DENIED IN PART as follows: (1) the motion against Armesto's Cross-Claims is DENIED; (2) the motion with respect to LaMarche's Count I (declaratory judgment), Count II (breach of contract), Count III (bad faith breach of contract), Count V (24-A M.R.S.A. § 2436-A) and Count VI (24-A M.R.S.A. § 2436) is DENIED; and (3) the motion against LaMarche's Count IV (negligence) is GRANTED.

Metropolitan's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART as follows: (1) the motion with respect to Counts V and VIII of LaMarche's Amended Complaint is GRANTED; and (2) the motion in all other respects is DENIED.

So ORDERED.

### RECOMMENDED DECISION ON METROPOLITAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT AND ORDER ON METROPOLITAN'S MOTION FOR EXCLUSION OF EXPERT TESTIMONY

KRAVCHUK, United States Magistrate Judge.

Plaintiff Paul LaMarche filed suit in this Court against Defendant Metropolitan Life Insurance Company, seeking the proceeds of two life insurance annuity contracts Metropolitan issued to his deceased wife and additional remedies based on various legal and equitable theories. Because Metropolitan was already defending a claim to recover the same proceeds brought by Third–Party Defendant Lorna Armesto in New York, Metropolitan haled Armesto into this Court pursuant to 28 U.S.C. § 1335, the federal interpleader statute. Metropolitan currently has pending two dispositive motions and two non-dispositive motions:

(1) A Motion for Judgment on the Pleadings and to Dismiss, *Docket No. 30;*[1]

(2) A Motion for Summary Judgment, *Docket No. 34;*

(3) A Motion for Exclusion of Expert Testimony, *Docket No. 33;* and

(4) A Motion to Strike Portions of [the] Affidavit of Paul LaMarche, *Docket No. 56.*

This Recommended Decision addresses only Docket Numbers 30, 33 and 34. Docket No. 56 is addressed in a companion decision and order captioned Recommended Decision on Lorna Armesto's Motion for Summary Judgment and Order on Evidentiary–Related Filings.[2] With respect to Metropolitan's dispositive motions, Docket Numbers 30 and 34, I now recommend that the Court **GRANT** each **IN PART** and **DENY** each **IN PART**. With respect to the non-dispositive Motion for Exclusion, Docket No. 33, I hereby DENY it for failing to comply with Local Rule 7 and for its mootness in light of my recommendations on the dispositive motions.

### Procedural History

The individual insured under both annuity contracts, Erlinda Polvorosa LaMarche ("Polvorosa"), died on August 22, 1998. Armesto, Metropolitan's beneficiary of record on both annuity contracts, filed suit against Metropolitan in the Supreme Court for the State of New York in August 2000, seeking to recover the proceeds of the contracts. In June 2001, Paul La-Marche initiated suit against Metropolitan in this Court, seeking, among other relief,

a declaration that he, as Trustee of the Erlinda A. Polvorosa Family Trust, is the proper beneficiary of the annuity contracts rather than Armesto. *Docket No. 1.* In August 2001, Metropolitan filed its Answer to LaMarche's Complaint and incorporated a Counterclaim for Interpleader pursuant to 28 U.S.C. § 1335. *Docket No. 2.* Metropolitan simultaneously filed a Complaint for Interpleader pursuant to 28 U.S.C. § 1335, *Docket No. 3,* which it subsequently served on Armesto.

LaMarche answered the Counterclaim for Interpleader, *Docket No. 5,* but not the Complaint for Interpleader, which requests the same relief as the counterclaim. Armesto answered Metropolitan's Complaint for Interpleader and incorporated a Cross–Claim against Metropolitan. *Docket No. 11.*

Armesto's Cross–Claim asserts two[3] contract claims for the proceeds of the annuity contracts. *Id.* LaMarche, in his dual capacity as Personal Representative of the Estate of Erlinda Polvorosa La-Marche and as Trustee of the Erlinda A. Polvorosa Family Trust, advances six claims against Metropolitan. These claims can be found in LaMarche's Amended Complaint, appended to his April 1, 2002 Motion to Amend, *Docket No. 20.* They consist of Counts I through V and VIII.[4] The forms of relief sought by LaMarche are as follows:

(1) A declaration that Lamarche, as Trustee of the Erlinda A. Polvorosa Family Trust, is entitled to the proceeds of the

---

**1.** Docket numbers are provided solely for the Court's convenience in reviewing the many motions and related filings on the Court's docket.

**2.** Non-parties will likely benefit from reading the companion decision and order first.

**3.** Armesto untimely moved to amend her cross-claim, Docket No. 37, which motion 1

deny in the companion Recommended Decision and Order issued on this date.

**4.** Although the Amended Complaint contains eight counts, I denied LaMarche's Motion to Amend with respect to proposed Counts VI and VII in an Order on Plaintiff's Motion to Amend, Docket No. 25.

annuity contracts and equitable relief in the nature of an order to pay over the same;

(2) Damages for breach of an alleged contractual obligation to pay the proceeds over to the Trust;

(3) Damages for "bad faith" breach of the alleged contractual obligation to pay the proceeds over to the Trust;

(4) Damages for negligently failing "to process Erlinda [Polvorosa's] beneficiary change requests";

(5) Damages, interest and fees pursuant to 24–A M.R.S.A. § 2436–A for "unfair claims settlement practices"; and

(6) Damages, interest and fees pursuant to 24–A M.R.S.A. § 2436 for "interest on overdue payments."

Metropolitan moved for judgment on the pleadings and to dismiss the claims against it on June 19, 2002. *Docket No. 30.* On July 31, 2002, Metropolitan timely filed a Motion for Summary Judgment, *Docket No. 34,* and also filed a Motion for Exclusion of Expert Testimony, *Docket No. 33.* On the same day, Armesto filed a Motion for Summary Judgment, To Amend [Her] Crossclaim, and Alternatively to Strike Proffered Testimony of Expert Witness. *Docket No. 37.* On August 23, 2002, LaMarche timely filed one consolidated objection to Metropolitan's and Armesto's several motions. *Docket No. 45.*

## I. Metropolitan's Motion for Judgment on the Pleadings and to Dismiss

In its motion for judgment on the pleadings, Metropolitan asks that it be dismissed from the action because it has deposited with the Court the proceeds of the annuity contracts and does not dispute that either Armesto or LaMarche is entitled to the funds. Metropolitan argues that by filing an interpleader action it discharged all common law and statutory duties owed to either Armesto or LaMarche. *Docket No. 30* at 2–3.

LaMarche argues that his claims are independent of the interpleader remedy that Metropolitan has interjected and should not be dismissed. *Docket No. 45* at 15. Armesto did not file an opposition brief, but I will construe as such the "Affidavit of Albert S. Tablante, Jr. in Opposition to Metropolitan's Motion to Dismiss," *Docket No. 41.*

### The Rule 12(c) Standard.

A motion for judgment on the pleadings is governed by Fed.R.Civ.P. 12(c). The First Circuit has articulated the applicable standard for evaluating such a motion as follows:

> [T]he trial court must accept all of the nonmovant's well-pleaded factual [allegations] as true and draw all reasonable inferences in [its] favor.... [T]he court may not grant a defendant's Rule 12(c) motion unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.

*Rivera–Gomez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988) (citations and internal quotation marks omitted). In addition to the non-movant's well-pleaded factual allegations, the court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint ... without converting the motion into one for summary judgment." *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 32 (1st Cir.2000) (citing *Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1220 (1st Cir.1996)). Finally, when the party seeking judgment on the pleadings submits materials in addition to the pleadings, that are otherwise not integral to, incorporated in or attached to the complaint, it is within the court's discretion whether to consider those mate-

rials, thereby transforming the motion into one for summary judgment by operation of Fed.R.Civ.P. 12(c). *Cf. Snyder v. Talbot,* 836 F.Supp. 19, 21 n. 3 (D.Me.1993) (treating identical language with respect to a motion to dismiss under Rule 12(b)(6)).

Because Metropolitan did not interject materials extraneous to the pleadings in support of this motion, the "record" for purposes of Metropolitan's motion for judgment on the pleadings consists of the pleadings, any reasonable inferences that can be drawn therefrom in favor of the non-movants, and material portions of the annuity contracts, which are incorporated into LaMarche's Complaint and Armesto's Cross–Claim. The record does not include any of the numerous additional "facts" suggested by LaMarche in the context of his consolidated opposition brief by Armesto in the context of the Affidavit of Albert S. Tablante, Jr. in Opposition to Metropolitan's Motion to Dismiss, *Docket No. 41.*

### A. An interpleader action does not bar independent claims.

Before describing the pleadings, it is necessary to address a basic problem with Metropolitan's motion for judgment. Metropolitan's primary legal contention is that simply by virtue of having filed a claim for interpleader and "posted the stake," it has immunized itself from any liability on LaMarche's claims and Armesto's cross-claims, even to the extent that such claims assert alternative bases for liability and may afford remedies additional to the stake. This basic premise is false. The § 1335 interpleader action exists to prevent the stakeholder from having to defend more than one action. It does not exist to prevent the stakeholder from having to be a party in any action or from defending independent claims. *See,*

*e.g., Metropolitan Life Ins. Co. v. Segaritis,* 20 F.Supp. 739 (E.D.Pa.1937) (stating that the interpleader statute is liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability); *Bankers Trust Co. v. Crawford,* 559 F.Supp. 1359, 1362 (W.D.N.Y.1983) (stating that the interpleader statute "is to be liberally construed to protect a stakeholder from the expense of defending more than one action"). *See also* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1706 (3d ed. 2001) ("Contemporary procedure, with its flexible and liberal provisions for joinder of parties and claims, for separate trial of separate issues, for assuring that the right to a jury trial on a particular issue or claim is not impaired, and for shaping the relief to the necessities of the particular case is well adapted to disposing of interpleader cases even when independent liability is asserted.").

Metropolitan relies on *Metropolitan Life Ins. Co. v. Barretto,* 178 F.Supp.2d 745 (S.D.Tex.2001), in support of its position. Metropolitan contends that it was dismissed from the *Barretto* case based on the fact that it properly instituted an interpleader action.[5] A careful reading of *Barretto* reveals that the court therein granted Metropolitan summary judgment (not a dismissal) for reasons other than because Metropolitan had properly "posted the stake." The facts of *Barretto* reveal that Metropolitan was stakeholder to one million dollars in life insurance proceeds. *Id.* at 746. Before Metropolitan filed an equitable action in interpleader, the two parties with an interest in the proceeds engaged one another in probate litigation over their respective claims, without naming Metropolitan as a party.

---

**5.** *Barretto* did not arise pursuant to 28 U.S.C. § 1335. Instead, jurisdiction was founded on 28 U.S.C. § 1332. *Barretto,* 178 F.Supp.2d at 746 n. 1.

*Id.* at 751. Upon reaching a negotiated settlement, they instructed Metropolitan how the proceeds were to be paid. *Id.* Metropolitan agreed to the arrangement, but required that the parties first give Metropolitan a release and obtain court approval of their settlement because one of the parties was a minor. *Id.* The parties objected, and Metropolitan promptly filed an interpleader action. *Id.* One month later, a global settlement was reached concerning the payment of the proceeds and Metropolitan paid the proceeds out. *Id.* at 750. Nevertheless, one of the parties sought to continue with several counterclaims against Metropolitan that were based on alleged untimely payment and that blamed Metropolitan for the tax consequences that arose from the way in which payment was structured. *Id.* at 747. The claim of untimely payment was based solely on Metropolitan's institution of the interpleader action. *Id.* The court granted summary judgment to Metropolitan on the timeliness claim because, under the circumstances, there was no evidence of "unreasonable or inexcusable delay." *Id.* at 751. The court also granted summary judgment on the remaining claims, finding that they were barred by a release the parties entered into after the interpleader action was commenced. *Id.* at 750. Thus, summary judgment issued in *Barretto* for reasons separate and apart from the fact that Metropolitan filed an interpleader action.

Metropolitan also cites *Minnesota Mut. Life Ins. Co. v. Ensley,* 174 F.3d 977 (9th Cir.1999). *Docket No. 30* at 4. However, a close reading of *Ensley* reveals that, like *Barretto,* summary judgment was granted to the insurer against certain counterclaims based on the unique facts of the case, not simply because the insurer filed a complaint in interpleader. *Id.* at 981–982 (discussing the inability of the summary judgment record to support various claims in contract and tort).

Finally, Metropolitan argues that dismissal of LaMarche's claims is appropriate because, "If LaMarche proves that [Polvorosa] took sufficient steps to change the beneficiary, the Trust will get the benefits." *Docket No. 30* at 5. This argument does not warrant the dismissal of LaMarche's claims. It is common for there to be numerous claims in an action, all of which, if successful, would entitle the claimant to only one set of damages. The fact that the interpleader action could itself provide LaMarche, as Trustee, with the proceeds of the annuity contracts does not alone require the dismissal of LaMarche's claims. Although Metropolitan would like to be declared "judgment proof" because it has surrendered the contract proceeds and admits that one of the other parties is entitled to the same, the law does not require that the Court dismiss claims advancing alternative theories of relief.[6] *See, e.g., Dakota Livestock Co. v. Keim,* 552 F.2d 1302, 1307 (8th Cir.1977) ("[Permitting counterclaims against the stakeholder] serves the purpose of Sect. 1335 and Rule 22 by protecting a stakeholder who may be subject to independent liability from double litigation even if not from double liability."); *Priority Records v. Bridgeport Music,* 907 F.Supp. 725, 729 (S.D.N.Y.1995) (same, addressing crossclaims); *Bell v. Nutmeg Airways Corp.,* 66

---

**6.** Simply because Metropolitan might be adjudged liable under an alternative theory does not necessarily mean that the *scope* of its liability will extend beyond the fund it has already paid into the Court. Neither Metropolitan nor LaMarche has attempted to analyze the extent of liability that might arise under any of the alternative theories that have been advanced and I do not believe it is the Court's duty to fill this void at this stage of the proceedings.

F.R.D. 1, 5 (D.Conn.1975) (same); *McDonough Caperton Shepherd Group, Inc. v. Academy of Medicine*, 1989 WL 128675, at *9, 1989 U.S.App. LEXIS 16344, at *27 (6th Cir.1989) (unpublished opinion) ("Counterclaims may properly be entertained in interpleader actions, and this includes permissive, as well as compulsory, counterclaims."); *Fleet Nat'l Bank v. Anchor Media Television, Inc.*, 1990 WL 17154, at *2, 1990 U.S. Dist. LEXIS 1772, at *6 (D.R.I.1990) (Magis.Hagopian) (same).

**B. LaMarche's plea for declaratory relief is not addressed in the motion.**

Metropolitan's motion for judgment does not address all of LaMarche's claims individually. Although it may be the case that any remedies available through LaMarche's declaratory judgment claim would be commensurate with the remedies available through Metropolitan's interpleader action, that alone is not a basis for dismissing this claim. Given the absence of any particularized argument, I recommend that the Court not dismiss LaMarche's Count I. If Metropolitan wants judgment on the pleadings, it should address the pleadings in its motion.

**C. LaMarche's contract claim is well stated.**

 Turning to the pleadings, LaMarche alleges in his Amended Complaint that Polvorosa "signed numerous papers[,] including the forms necessary to change the beneficiary of the 1984 Annuity Contract and the 1987 Annuity Contract to her estate.[7] Metropolitan's agents assured the LaMarches that everything would be tak-

en care of in an expeditious manner." *Docket No. 1,* ¶ 17. "Not long after [Polvorosa's] death, Elliott and Brann came to Plaintiff's home and informed him that the beneficiary designations of the 1984 Annuity Contract and the 1987 Annuity Contract had mistakenly not been changed." *Id.,* ¶ 19. Given that the annuity contracts required only that Polvorosa submit signed written notice of a beneficiary change,[8] these allegations are sufficient to support a breach of contract claim against Metropolitan. I therefore recommend that the Court not dismiss LaMarche's Count II.

**D. LaMarche's bad faith breach of contract claim is not addressed in the motion.**

Although Metropolitan mentions this claim in its motion for judgment on the pleadings, it mischaracterizes it as a tort claim, which it is not. *Docket No. 30* at 4. Because Metropolitan has not offered any argument why the pleadings cannot support this claim, I recommend that the Court not dismiss LaMarche's Count III.

**E. LaMarche's negligence claim is not well stated.**

Metropolitan argues that LaMarche's negligence claim is based only on a contractual duty and, therefore, does not state a claim. LaMarche argues that his negligence claim is based on the following facts:

[T]hat Metropolitan, through its agents, had been directly notified that Erlinda Polvorosa LaMarche wished to change the beneficiary designation in her retirement annuities, that the agents had been provided with her Will, that the agents either misplaced the forms or failed to

7. Actually, the trustee of a trust created in her will.

8. This fact is drawn from the contracts, which are incorporated into and relied upon in La-

Marche's Complaint, rather than from the pleadings themselves. *Clorox Co. Puerto Rico,* 228 F.3d at 32.

provide her with the proper form through ignorance of Metropolitan procedures, and that, once notified of the claim for death benefits, Metropolitan made misrepresentation to LaMarche, stonewalled the claim, and ultimately caused LaMarche to file suit before taking a position on the claim.

*Docket No. 45* at 15. Thus, LaMarche bases his negligence claim on two, temporally distinct occurrences: (1) the agents' failure to process or provide "forms" prior to LaMarche's death and (2) Metropolitan's treatment of LaMarche's claim for benefits after LaMarche's death.

Regarding the first occurrence, the contracts at issue required only that Polvorosa submit signed, written notification of a change of beneficiary. They did not require the use of, or even make reference to, specific forms. Thus, Polvorosa's argument that Metropolitan should be liable in tort for the agents' failure to provide forms is a non-starter.

█ Regarding the second occurrence, assuming that forms or any other signed, written requests were submitted by Polvorosa, as is stated or reasonably implied in paragraphs 17 and 19 of the Amended Complaint, any duty on Metropolitan's part to effectuate a change of beneficiary would arise directly from the contracts, not from tort law. Accordingly, such a duty cannot support a negligence claim under Maine law. *Stull v. First Am. Title Ins. Co.*, 2000 ME 21, ¶¶ 14, 17, 18, ·745 A.2d 975, 980–81 (holding that neither a contracting party nor a third-party beneficiary can support a tort claim based only on the breach of a contractual duty). I therefore recommend that the Court dismiss LaMarche's Count IV.

### F. LaMarche's statutory claims are not barred by the interpleader action.

█ The argument Metropolitan presents in its motion for judgment on the pleadings, that it is entitled to judgment against LaMarche's statutory claims, is limited to the following:

> An insurer who has fulfilled all requirements for interpleader discharges its duty to the claimant. An insurer [that] is subjected to multiple, competing claims cannot pay or deny any of these claims without imperiling itself. It would therefore be inconsistent with the whole concept of interpleader to hold the insurer in the case on a claim of unfair settlement practices when it could not effectively settle, pay or deny the claim as set forth in this statute. The insurer must be permitted to post the stake and let the claimants resolve their competing claims to it. *See Barretto,* 178 F.Supp.2d at 747.

*Docket No. 30* at 3. For the reasons stated above, the mere filing of an interpleader action does not insulate an insurer from liability on alternative claims or theories, only from having to litigate separate claims in separate courts and being exposed to double liability. I therefore recommend that the Court not dismiss LaMarche's Count V and Count VIII. However, as stated below, I do recommend that the Court grant summary judgment against these claims.

### G. Armesto's contract counter-claims are well stated.

Metropolitan's motion for judgment on the pleadings against Armesto's cross-claims is based only on the argument that the interpleader action prevents it. Metropolitan does not suggest, nor would the pleadings support the contention, that Armesto has inartfully plead her contract claims.

### II. Metropolitan's Motion for Summary Judgment

Metropolitan's motion for summary judgment is succinct. In it, Metropolitan

"moves for summary judgment, in part based upon Defendant Armesto's motion, and to address Defendant LaMarche's statutory claims." *Docket No. 34* at 1. To the extent that this motion relies on Armesto's Motion for Summary Judgment, I recommend that it be denied for the reasons stated in my companion Recommended Decision on Lorna Armesto's Motion for Summary Judgment. The only remaining issues presented by Metropolitan's summary judgment motion concern LaMarche's statutory claims for "interest on overdue payments" and "unfair claims practices."

## Summary judgment standard

Summary judgment is warranted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c); *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000). The moving party has the burden of demonstrating that there are no genuine issues of material fact for trial. *Rochester Ford Sales, Inc. v. Ford Motor Co.*, 287 F.3d 32, 38 (1st Cir.2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party has met its burden, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted).

9. As summary judgment practice requires, the factual statement contained in this decision credits all of the admissible evidence properly offered by LaMarche, construes the entire record in the light most favorable to LaMarche and resolves all reasonable inferences in his favor.

## Summary judgment material facts [9]

The summary judgment facts that are material to the statutory claims are the following. In March 1984, Metropolitan issued Flexible Annuity Contract No. 010257663AB to Erlinda Polvorosa LaMarche ("Polvorosa"). *Defendant Lorna Armesto['s] Statement of Material Facts,* hereinafter *"Docket No. 38,"* ¶ 3. Polvorosa designated Lorna Armesto, her sister, as the beneficiary in the event of her death. *Id.,* ¶¶ 2, 3. In August 1987, Metropolitan issued Group Annuity Contract No. 060350706VE to Polvorosa. *Id.,* ¶ 4. Polvorosa again designated Armesto as the beneficiary. *Id.,* ¶ 4. *See also Plaintiff Paul H. LaMarche's Statement of Material Facts as to Which There is No Genuine Issue to be Tried,* hereinafter *"Docket No. 49,"* ¶ 3.

LaMarche married Polvorosa in December 1995 and remained her husband until her death. *Docket No. 38,* ¶ 6; *Docket No. 49,* ¶¶ 6, 9. In late 1997, Polvorosa endeavored to change the beneficiary of the two annuity contracts from Armesto to LaMarche, as Trustee of the Erlinda A. Polvorosa Family Trust. The steps she took to accomplish this goal are presented in my Recommended Decision on Lorna Armesto's Motion for Summary Judgment.

Within one month of Erlinda Polvorosa's death on August 22, 1998, Metropolitan agents informed LaMarche that Armesto was still the listed beneficiary on the annuity contracts. *Metropolitan's Statement of Material Facts as to Which There is No Triable Issue,* hereinafter *"Docket No. 35,"*

Neither Metropolitan nor Armesto replied to LaMarche's additional statement of material facts, thus pursuant to Local Rule 56(e) these facts will be deemed admitted to the extent they are supported by the record citations.

¶ 1. In November 1998, LaMarche wrote Metropolitan and requested that Metropolitan not distribute the proceeds of either annuity contract. *Id.,* ¶ 2. In September 1999, Attorney Calvin True of Eaton Peabody wrote Metropolitan, requesting the "necessary forms" to submit a claim for the annuity contract proceeds. *Docket No. 49,* ¶ 12. In April 2000, Attorney True again wrote Metropolitan, repeating his request. *Id.* Metropolitan responded in writing in January 2001. *Id.* Metropolitan eventually provided LaMarche with "claim forms" in February 2001. *Id.*

### Discussion

Metropolitan's summary judgment motion addresses claims raised by LaMarche pursuant to both 24–A M.R.S.A. § 2436 and 24–A M.R.S.A. § 2436–A. Metropolitan's argument for summary judgment is the following:

> Defendant [sic] LaMarche learned soon after [Polvorosa's] death that Ms. Armesto was the listed beneficiary on the contracts at issue. Defendant [sic] LaMarche therefore realized that his claim to the benefits was disputed from an early date, and responded by requesting that the proceeds not be disbursed to the named beneficiary. This acknowledgement demonstrates that Dr. LaMarche had actual notice of the disputed claim, and responded by requesting that the benefits not be paid out to Ms. Armesto.

*Docket No. 34* at 2–3 (record citations omitted). In support of its argument, Metropolitan relies upon the Law Court's decision in *Depositors Trust Co. v. Farm Family Life Ins. Co.,* 445 A.2d 1014 (Me. 1982).

### A. Late payment under section 2436

■ Section 2436 provides, in part:

> 1. A claim for payment of benefits under a policy or certificate of insurance delivered or issued for delivery in this State is payable within 30 days after proof of loss is received by the insurer and ascertainment of the loss is made either by written agreement between the insurer and the insured or beneficiary or by filing with the insured or beneficiary an award by arbitrators as provided for in the policy. . . . A claim that is neither disputed nor paid within 30 days is overdue. . . .

24–A M.R.S.A. § 2436(1). This statute is penal in nature and is to be construed strictly. *Marquis v. Farm Family Mut. Ins. Co.,* 628 A.2d 644, 651 (Me.1993). It essentially requires an insurer to pay or dispute a claim within thirty days of receiving it. If an insurer does neither, the claim is deemed "overdue" and the insurer is liable to pay the insured interest and attorney fees. 24–A M.R.S.A. § 2436(3) & (4). So long as the insurer notifies the insured of the existence of a "legitimate controversy" regarding the claim, the statute's thirty-day time period for paying the claim will be tolled. *Curtis v. Allstate Ins. Co.,* 2002 ME 9, ¶ 35, 787 A.2d 760, 769.

In *Depositors Trust Co.,* the Law Court affirmed summary judgment against a late payment claim brought by the beneficiary of a life insurance policy on the ground that § 2436 does not apply to life insurance policies.[10] 445 A.2d at 1017–18. It further found that § 2436 liability could not be found, in any event, because the beneficiary received oral notice within 30

---

10. The Legislature amended § 2436 in 1999 in "An Act to Amend the Laws Concerning *Life* and Health Insurance." 1999 Me. Laws c. 256, § I (emphasis added). These latest amendments would appear to undermine the grounds asserted by the Law Court for not extending § 2436 to life insurance policies. *See id.; Depositors Trust,* 445 A.2d at 1017–18; *Burne v. John Hancock Mut. Life Ins. Co.,* 403 A.2d 775 (Me.1979).

days that the claim was disputed. *Id.* at 1018 (rejecting argument that notice of denial must be given in writing). The court reasoned, "By then, and at all times thereafter, everyone knew the ground of [the insurer's] dispute of the claim...." *Id.*

■ The same obtains here. LaMarche had actual notice that his claim to the proceeds was disputed. LaMarche admits that Metropolitan informed him shortly after Polvorosa's death that Armesto was still the named beneficiary of the annuity contracts. *Plaintiff Paul H. LaMarche's Response to Defendant Metropolitan's Statement of Material Fact as To Which There is No Triable Issue, Docket No. 46,* ¶ 1. For this reason, LaMarche has failed to generate a genuine issue of material fact concerning this claim and I therefore recommend that the Court grant Metropolitan summary judgment against LaMarche's Count VIII.

### B. Unfair claim settlement under § 2436–A

LaMarche's § 2436–A claim consists of two elements. First, LaMarche claims as a violation the fact that Metropolitan failed to acknowledge or respond to his requests for information and claims forms in the period between September 1999 and January 2001. Next, LaMarche complains that a Metropolitan representative stated in January 2001 that Metropolitan was sending the matter to outside counsel, which LaMarche contends was false. The latter aspect of the claim can be dispatched readily. LaMarche failed to properly generate in his statement of additional material facts any of the facts on which he bases this argument. The former aspect of the claim requires a little more comment.

An insured may bring a civil action where his or her insurer, among other things, "[f]ail[s] to acknowledge and review claims ... within a reasonable time following receipt of written notice ... of a claim." *Id.*, § 2436–A(1)(B).[11] However, such claims are provided only where the insured's injury arises from action "taken by that person's *own* insurer." 24–A M.R.S.A. § 2436–A(1) (emphasis added). Thus, a beneficiary of an insurance contract cannot sue an insurer under § 2436–A unless he or she is also an insured.

■ LaMarche wears two hats in this litigation. In one, he is the Trustee of the Erlinda A. Polvorosa Family Trust. In the other, he is the Personal Representative of the Estate of Erlinda Polvorosa LaMarche. Metropolitan is LaMarche's "own insurer" only when he is wearing his Personal Representative hat, because in this capacity he serves as a surrogate for Polvorosa. However, it is only in LaMarche's capacity as Trustee that he has a right to claim the proceeds. In other words, as Personal Representative, LaMarche is entitled to file a § 2436–A action, but he has no claim to the proceeds; as Trustee he has a claim to the proceeds but no § 2436–A action. For this reason alone, Metropolitan is entitled to judgment as a matter of law.

■ Alternatively, summary judgment could be granted on the basis of LaMarche's failure to generate a genuine issue. In November 1998, LaMarche wrote Metropolitan and requested that Metropolitan not distribute the proceeds of either annuity contract. Metropolitan "recognized" LaMarche's potential claim by complying with this request and not paying the

---

11. LaMarche does not attempt to discuss this claim by making specific reference to the lan- guage of the statute.

proceeds to Armesto, its beneficiary of record. LaMarche's memorandum does not indicate what further "review" Metropolitan might have engaged in, under these circumstances. Nor does LaMarche's statement of additional material facts or his memorandum indicate what correspondence or communication constituted his "claim" for purposes of § 2436–A or, for that matter, when such claim was submitted. Instead, he complains that a "proper form" was not supplied. None of the submissions before the Court suggest that a claim for death benefits must be made on a "proper form" to have validity. In fact, Maine law appears to dictate how a claim for life insurance proceeds is to be made. *See* 24–A M.R.S.A. § 2513 (requiring that life insurance contracts provide that benefits "shall be made upon receipt of due proof of death and, at the insurer's option, surrender of the policy and proof of the interest of the claimant"). LaMarche simply has not generated sufficient predicate facts for the Court to impose § 2436–A liability on Metropolitan.

### III. Metropolitan's Motion for Exclusion of Expert Testimony

In conjunction with its Motion for Summary Judgment, Metropolitan moved to exclude expert testimony. *Docket No. 33.* Metropolitan did not independently brief the motion, but simply joined in Armesto's motion to exclude expert testimony, which is addressed in the companion Recommended Decision and Order on Armesto's motions. I deny Metropolitan's Motion for Exclusion for the reasons stated therein: the proponents of this motion have inadequately briefed it and, in any event, the relief sought is moot in light of my recommendation that judgment be entered against LaMarche's negligence and statutory claims.

### Conclusion

Based on the foregoing analysis, I hereby **DENY** Metropolitan's Motion for Exclusion of Expert Testimony.

### *So Ordered.*

And, for the reasons set forth in this Recommended Decision, I recommend that the Court enter orders on Metropolitan's Motion for Judgment on the Pleadings and on its Motion for Summary Judgment as follows:

#### *Re. Judgment on the Pleadings:*

I recommend that the Court **GRANT–IN–PART** and **DENY–IN–PART** Metropolitan's Motion for Judgment on the Pleadings and To Dismiss, as follows:

**DENY** the motion against Armesto's Cross–Claims;

**DENY** the motion with respect to LaMarche's Count I (declaratory judgment), Count II (breach of contract), Count III (bad faith breach of contract), Count V (24–A M.R.S.A. § 2436–A) and Count VI (24–A M.R.S.A. § 2436); and

**GRANT** the motion against LaMarche's Count IV (Negligence).

#### *Re. Summary Judgment:*

I recommend that the Court **GRANT–IN–PART** and **DENY–IN–PART** Metropolitan's Motion for Summary Judgment, as follows:

**GRANT** the motion with respect to Count V and Count VIII of LaMarche's Amended Complaint; and

**DENY** the motion in all other respects.

#### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting mem-

orandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

November 6, 2002.